[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2019-Ohio-3309.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3309

[THE STATE EX REL.] MCDOUGALD *v.* GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2019-Ohio-3309.]

*Mandamus—Public-records law—Writ will issue when a request is made for a public record—Peremptory writ granted in part.*

(No. 2019-0562—Submitted June 11, 2019—Decided August 20, 2019.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** Relator, Jerone McDougald, filed this original action in mandamus against respondent, Larry Greene, the public-records custodian for the Southern Ohio Correctional Facility, seeking to compel responses to a request for public records. As explained below, we hereby grant in part and deny in part McDougald's request for a peremptory writ of mandamus, and we deny McDougald's motion for leave to supplement his complaint.

**{¶ 2}** When McDougald filed the complaint for a writ of mandamus, he was an inmate at the Southern Ohio Correctional Facility. On or about March 3, 2019, he submitted a public-records request to Greene, seeking (1) the legal-mail log for February 27, 2019, and (2) a copy of an envelope containing legal mail from the United States District Court for the Southern District of Ohio from that same date. Greene responded to the request, but did not produce any documents.

**{¶ 3}** McDougald commenced this action for a writ of mandamus on April 23, 2019, and Greene filed a timely answer. Thereafter, McDougald filed an unopposed motion for leave asking to supplement his mandamus complaint with additional facts.

**{¶ 4}** As a preliminary matter, we deny the motion for leave to submit additional facts because that motion does not conform to any practice recognized by the Rules of Practice of the Supreme Court of Ohio or the Ohio Rules of Civil Procedure. McDougald has not sought leave to *amend* his complaint. Nor has he filed any *evidence* in support of the alleged additional facts, for which he would not need leave to do so had he properly briefed the case on the merits. *See* S.Ct.Prac.R. 12.06. We therefore deny the motion.

**{¶ 5}** As to the merits of his claim, we note that Ohio's Public Records Act, R.C. 149.43, "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). In his answer, Greene has not disputed that if the institution maintained a log of incoming mail, that log would qualify as a public record under the act. We therefore grant a peremptory writ of mandamus, ordering Greene to provide McDougald copies of the requested pages of the legal-mail log, if they exist.

**{¶ 6}** As for McDougald's demand for a copy of the envelope from the United States District Court for the Southern District, both Greene's initial response to McDougald and his answer in this litigation make clear that the institution does

not maintain the original envelopes enclosing incoming mail.  Rather, it provides the inmate with a copy of the envelope and discards the original.  Thus, Greene has no responsive documents to this request, and we deny the writ on that basis.

Peremptory writ granted in part
and denied in part.

O'CONNOR, C.J., and FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ.

KENNEDY, J., concurs in judgment only.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for appellee.

_____