[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2020-Ohio-287.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-287

[THE STATE EX REL.] MCDOUGALD *v.* GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2020-Ohio-287.]

*Mandamus—Public-records law—Public-records custodian held in contempt for failing to meet obligations under R.C. 149.43 and existing peremptory writ of mandamus.*

(No. 2019-0562—Submitted January 28, 2020—Decided January 31, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} On October 29, 2019, we issued an order to respondent, Larry Greene, the public-records custodian for the Southern Ohio Correctional Facility ("SOCF"), to show cause why he should not be held in contempt for failing to provide records under the terms of an existing peremptory writ of mandamus. 157 Ohio St.3d 1468, 2019-Ohio-4419, 133 N.E.3d 543. Alternatively, we ordered Greene to

demonstrate that the records in question do not exist. *Id.* Greene has filed a response to the show-cause order, and in reply, relator, Jerone McDougald, has filed a motion to hold Greene in contempt of court.

{¶ 2} For the reasons explained below, we hereby find Greene in contempt and impose a sanction of $1,000. Greene may purge the contempt by providing the incoming legal-mail log for February 27, 2019, to McDougald and this court no later than February 21, 2020. If the document is not provided by that date, then Greene will be subject to an additional sanction of $100 per day until such time as he complies with this court's order.

## I. Background

{¶ 3} In March 2019, when McDougald was an inmate at SOCF, he sent a public-records request to Greene. McDougald requested (1) the legal-mail log for February 27, 2019, and (2) a copy of an envelope containing legal mail from the United States District Court of Ohio for the Southern District in Cincinnati. McDougald's actual message containing the request is not in the record. However, Greene's response is:

> The answer I received from our mail room staff for the date you requested of February 27, 2019 for the Legal Mail Log is that it does not exist.
>
> I was also informed you were provided a copy of the envelope if one existed and the original is not kept.

{¶ 4} McDougald filed an original action for a writ of mandamus in this court on April 23, 2019. Greene's answer contained the following averments:

> [Greene] checked with the mailroom staff at * * * SOCF to see if [McDougald] *sent* any legal mail on February 27, 2019. After

2

multiple individuals checked, they ensured [Greene] that no such mailing was *sent* by [McDougald]. Furthermore, it is not the policy of [Ohio Department of Rehabilitation and Correction ("ODRC")] to maintain the copies of the envelopes of legal mail sent *from* the institution. Instead, a copy is provided to inmates for their records. [McDougald] was informed on March 19, 2019 that no records responsive to his request exist, rendering the issue moot.

(Emphasis added.)

{¶ 5} On August 20, 2019, we granted a peremptory writ of mandamus "ordering Greene to provide McDougald copies of the requested pages of the legal-mail log, *if they exist*." (Emphasis added.) 157 Ohio St.3d 315, 2019-Ohio-3309, 136 N.E.3d 453, ¶ 5. We denied the writ as to McDougald's records request for the envelope because "it was clear that the institution does not maintain the original envelopes enclosing incoming mail" and thus no responsive documents existed. *Id*. at ¶ 6.

{¶ 6} Approximately one month after this court granted the peremptory writ, McDougald filed a motion for default judgment, arguing that Greene had failed to provide any documents in compliance with our order. While we denied that motion, we also ordered Greene "to show cause within 14 days why he should not be held in contempt for failing to provide the records under the terms of the existing peremptory writ or produce evidence that they do not exist." 157 Ohio St.3d 1468, 2019-Ohio-4419, 133 N.E.3d 543.

{¶ 7} Greene submitted a timely response to the show-cause order on November 4. With respect to the legal-mail log, Greene submitted his own affidavit, in which he attested as follows:

- He informed McDougald that no responsive records existed and that McDougald did not have any entries on the legal-mail log for February 27, 2019.

- Per ODRC policy, outgoing legal-mail logs are not maintained.

- Because McDougald had no entries on the legal-mail log for February 27, 2019, and no records beyond the legal-mail log are maintained by ODRC documenting legal mail, no responsive records were in existence.

{¶ 8} On November 14, McDougald filed a reply, clarifying that he was seeking the *incoming* mail log, not any record of *outgoing* mail. At the same time, he filed a motion asking that Greene be held in contempt of court for withholding the requested document. Greene did not respond to the motion.

## II. Analysis

{¶ 9} The affidavit submitted by Greene in response to the show-cause order confirms that ODRC, SOCF, or both possess a document responsive to McDougald's request and that Greene has failed to produce it. Specifically, Greene attests that SOCF does not maintain a log of *outgoing* mail but does keep a log of *incoming* mail. Greene explained that he did not produce the incoming legal-mail log for February 27, 2019, because "McDougald did not have any entries on the legal mail log" for that date. But McDougald's request (at least as described in the complaint) was not limited to entries for his own name; rather, he requested the "legal mail log for February 27, 2019," with no limitation.

{¶ 10} We hold that Greene has failed to meet his obligations under both Ohio's Public Records Act—R.C. 149.43—and the peremptory writ of mandamus issued by this court. We hereby find Greene in contempt and impose a sanction of $1,000, which we stay to allow him the opportunity to purge the contempt in the manner described above.

### III. Conclusion

**{¶ 11}** We hold respondent in contempt of court, subject to purge by providing the incoming legal-mail log for February 27, 2019, to McDougald and this court no later than February 21, 2020.

So ordered.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for appellee.

_____